

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 5, 2026

**By Email & ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>    Re:    *United States v. Mario Pineiro*, 26 Cr. 33 (JMF)

Dear Judge Furman:

The Government writes pursuant to Rule 10 of the Court's Individual Rules to request the continued redaction and sealing of certain portions of the Government's May 5, 2026 sentencing submission.  In its public filings, the Government (a) filed under seal Exhibit A, which is comprised of approximately thirty victim impact statements; and (b) applied limited redactions to its sentencing letter, which relate to victim-identifying information from Exhibit A.[1]

The victim impact statements are deeply personal, detailed submissions that describe (i) the profound physical and psychological effects the victims have experienced from the dissemination of videos and images of their sexual abuse, (ii) the harms the victims have suffered from their sexual abuse, (iii) the victims' past and present mental states, and (iv) their relationships to their abusers, families, and others.  The victims have a significant privacy interest in this information. These privacy interests cannot be addressed through redaction.

First, the statements cannot reasonably be anonymized:  If redactions are limited, those close to the victims (including abusers) could infer victims' identities from the contents of the statements.  And if redactions are heavier, the statements would be "render[ed] unintelligible." *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995).  Second, even if the statements could reasonably be redacted, the victims themselves would know that their statements were publicly available, which would invade their privacy and tend to revictimize them; victims likely would suffer anxiety and fear about being associated with their public statements.  Third, making victim statements public, even with redactions, will tend to discourage future victims from submitting

---

[1] The Government also redacted personal identifying information of the defendant that was redacted in the defense submission and approved by the Court.  (Dkt. 49.)

The Government has not redacted language related to the defendant's cooperation with law enforcement, as the defense submission has.  There is no safety or law enforcement need for redaction of such language.

statements or providing details that are important for the Government (in investigating child sexual abuse crimes) and for sentencing courts (in considering cases).

Accordingly, the Government requests that Exhibit A, together with the related redactions in the Government's letter, be maintained under seal to protect the privacy rights of minor victims, *see* 18 U.S.C. § 3509(d)(2), and to protect victims' rights "to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8); *see Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up).

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____

Kevin Grossinger
Assistant United States Attorney
(212) 637-2426

cc:    Neil Kelly, Esq.

Application GRANTED temporarily.  The parties should be prepared to address the issue at sentencing.  The Clerk of Court is directed to terminate ECF No. 53.

SO ORDERED.

May 6, 2026

2